# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DARNELL BEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:24-cv-00449-RHH |
| ) | |
| CAPITAL ONE, N.A., ) | |
| ) | |
| Defendant. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Darnell Bey's response to the show cause order issued on March 29, 2024 (ECF No. 3). The Court had ordered plaintiff to show cause why this action should not be dismissed for lack of federal subject matter jurisdiction. Having carefully reviewed plaintiff's response, the Court concludes that his arguments are without merit, and this action will be dismissed for lack of  jurisdiction.

As best as the Court can tell, plaintiff is suing defendant Capital One, N.A. arising out of an alleged breach of fiduciary duty, "My funds were illegally taken as accounts of profit as a result of their breach of fiduciary duty, and I want to be awarded a remedy to prevent unjust enrichment." (ECF No. 1-1 at 2). He seeks $10,956.78 in damages. (*Id.* at 3).

On March 29, 2024, the Court issued a show cause order requiring plaintiff to show cause why this matter should not be dismissed for lack of subject matter jurisdiction. The Court found no federal claims, and therefore no federal question jurisdiction. As to diversity jurisdiction, plaintiff had not alleged an amount-in-controversy sufficient to satisfy the jurisdictional requirement of $75,000. *See* 28 U.S.C. 1332(a).

In response to the Court's show cause order, plaintiff has filed a seven-page document with sixteen pages of exhibits. In these documents, he does not assert that his claims meet the $75,000 threshold for diversity jurisdiction. His response is titled, "Memorandum of Principles of Law and Points of Authorities on Express Special Relationship Trusts." (ECF 5 at 3). He states that he is the "beneficiary and equitable title holder" of an express trust and a constructive trust. (*Id.* at 3). It is unclear how this relates to his suit against defendant. He cites to the New Deal; the Emergency Banking Relief Act of March 9, 1933; the Social Security Act of 1934; the Trust Indenture Act; the Social Security Trust; the Treasury Trust; and the Public Trust. Still, nothing in plaintiff's response addresses the Court's jurisdiction over this matter.

Attached to his response, plaintiff includes several documents he has recorded with the St. Louis County Recorder of Deeds, including an "Affidavit of Title" from grantor Darnell Jerome Murphey Bey to grantee Darnell Jerome Murphy Bey. The document purports to "transfer and assign all right, title, and interests to the lands, tenements, and hereditaments in City of St. Louis or whatsoever and wheresoever situated to vest in Bey, Darnell Jerome Murphy, Trustee Under Declaration of Trust Dated 02-08-1981." (ECF No. 5-1 at 3). He also attaches his birth certificate and UCC Financing Statement forms. (*Id.*). In the UCC Financing Statements, plaintiff attempts to cover the following collateral:

> All of the Debtor's interest in all the debtors property, both registered and unregistered, is hereby selected as collateral for securing contractual obligations in favor of the Secured Party. The value of the Secured Party's claim is nine hundred billion United States Dollars (900,000,000,000.00). This is the entry of the Debtor into the commercial registry and public Notice of a commercial transaction. The Secured Party hereby secures all title, rights, interest, and equity in said property and attachments: SA-1-020819814123-DJMB; POA-020819814123DJMB.

ECF No. 5-1 at 12.

Plaintiff's response to the show cause order is largely incomprehensible. However, it does not allege an amount-in-controversy exceeding the sum of $75,000. The Court finds that plaintiff has not satisfied the amount-in-controversy requirement of the diversity statute, 28 U.S.C. § 1332, and will therefore dismiss this action for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's complaint is **DISMISSED** for lack of subject matter jurisdiction.

An Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 3rd day of May, 2024.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE